CO-PROB12C
(Revised 5/14-D/CO)

20 MJ00399

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

U.S.A. VS. JOHN PATRICK BALASE

DKT. NO. 1:09CR00330-1

## PETITION FOR WARRANT ON PERSON UNDER SUPERVISION

COMES NOW, Walter E. Vanni, Senior United States Probation Officer, presenting an official report upon the conduct and attitude of defendant John Patrick Balase, who was placed on supervision by the Honorable Christine M. Arguello, sitting in the United States District Court in Denver, Colorado, on August 8, 2016. The defendant was sentenced to 6 months' imprisonment and 5 years' supervised release for violations of supervised release related to his original conviction for the offense of Receipt of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2)(B) and Forfeiture Allegation, in violation of 18 U.S.C. § 2253(b) and 21 U.S.C. § 853(p). This is the defendant's second term of supervised release as there has been one prior revocation (See Documents 48 and 86, Judgment in a Criminal Case and Amended Judgment for Revocation for Supervised Release. Supervision commenced on December 16, 2016, and is set to expire on December 15, 2021. As noted in the judgment [Document 86], the Court ordered mandatory, special and standard conditions of supervision. The probation officer alleges the defendant has violated the following terms and conditions of supervised release as set forth herein.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF THE COURT FOR CAUSE AS FOLLOWS:**

**VIOLATION(S) ALLEGED:**

**1. MAKING FALSE STATEMENTS TO THE PROBATION OFFICER**

On or about April 28, 2019, the defendant stated in response to a question from the probation officer that he had not accessed the internet and was not in possession of an internet capable device, when, in fact, the defendant had been in possession of a smartphone since February 2017 and accessing the internet on or about that time, which constitutes a Grade C violation of supervised release.

On April 28, 2019, during a routine home visit, the defendant was asked if he had accessed the internet since our last visit and he said no. This officer received prior information that the defendant was seen accessing an internet capable device openly while on the bus/light rail to and from sex offender treatment. The defendant was asked to turn over the internet capable device and he denied possessing any internet capable device.

On April 29, 2019, the defendant reported to the Probation Office as instructed, but failed to turn over the unauthorized capable device. After the defendant eventually admitted to me that he had purchased a Samsung smartphone and had been accessing the internet, he reported he disposed of the smartphone in the trash at the light rail

| John Patrick Balase | Petition for Warrant on Person Under Supervision | May 6, 2019 |
|---|---|---|
| 1:09CR00330-1 | Page 2 | |

station and disposed of the battery in a bush near his work earlier in the day. The defendant was instructed to retrieve the phone and called me later in the evening reporting he found the smartphone and battery. The defendant was instructed to report to the Probation Office the next morning and turn over the smart phone. The defendant reported to the Probation Office the next day as instructed, but failed to provide the subscriber identity module (SIM) card. The defendant reported he flushed the SIM card down the toilet in his residence.

2. **FAILURE TO REQUEST USE OF AN INTERNET ACCESS DEVICE FROM THE PROBATION OFFICER AND RECEIVE AUTHORIZATION**

From September 2017 through April 2019, the defendant failed to request use of an internet access device and receive authorization from his probation officer, which constitutes a Grade C violation of supervised release.

On April 29, 2019, the defendant admitted to me that he had purchased a Samsung smartphone and had been accessing the internet. The defendant initially reported he purchased the smartphone in February 2019, denied viewing pornography or communicating with anyone sexually online, and reported he only used the internet access device to play video games. After reviewing his Gmail internet history, the defendant then admitted to viewing pornography on this internet access device and posting ads on Craigslist Casual Encounters to engage in sexual behaviors with stranger men in the community. The defendant admitted to meeting stranger men in the community to engage in sexual behaviors with them on multiple occasions.

3. **FAILURE TO COMPLY WITH THE RULES AND RESTRICTIONS SPECIFIED BY THE SEX OFFENDER TREATMENT AGENCY**

On April 30, 2019, the defendant was unsuccessfully discharged from RSA, Inc. (RSA), Lakewood, Colorado, the sex offender treatment program in which the probation officer had directed him to participate, which constitutes a Grade C violation of supervised release.

On December 30, 2016, as directed by the probation officer, the defendant initiated sex offender specific treatment services by signing and agreeing with conditions outlined in RSA's treatment contract which specified the rules and restrictions of the program.

On April 30, 2019, the defendant was unsuccessfully discharged from the RSA program due to violating the rules and restrictions specified in his RSA treatment contracts and the terms and conditions of his supervised release. The defendant's violations included accessing the internet via an unapproved smartphone; engaging in sexual behaviors with stranger men; accessing social media designed to meet with stranger men and engage in sexual behaviors; viewing pornography on a regular basis; and keeping secrets from his Community Supervision Team.

| John Patrick Balase | Petition for Warrant on Person Under Supervision | May 6, 2019 |
|---|---|---|
| 1:09CR00330-1 | Page 3 | |

It is RSA's opinion that the defendant is not appropriate for community based offense specific treatment, nor does he appear safe to be placed in the community at this time.

### STATEMENT IN SUPPORT OF ACTION/JUSTIFICATION

Based on the nature of the defendant's current conviction and the alleged violations, the probation officer requests a warrant for the defendant's arrest due to the potential danger presented by the defendant. The combination of the admitted violations and his unaccountability in the community raises major concerns. The defendant continues to show a complete disregard for the conditions set forth by the Court and it is believed that there are no conditions that could be set to improve the defendant's willful noncompliance or to minimize his danger to the community. The defendant continues to do whatever he wants despite efforts the Probation Office has taken to ensure his compliance.

### RESPECTFULLY REQUESTING THAT THE COURT WILL ORDER:

The issuance of a warrant due to violations of supervised release and, subsequent to the arrest of the defendant, that the Court consider revocation of supervision.

I DECLARE under penalty of perjury that the foregoing is true and correct.

*s/Walter E. Vanni*
Walter E. Vanni
Senior United States Probation Officer
Place:   Denver
Date:    May 6, 2019


*s/Edgar T. Ruiz*
Edgar T. Ruiz
Supervisory United States Probation Officer
Place:   Denver
Date:    May 6, 2019


### PRELIMINARY ADVISORY REVOCATION GUIDELINE CALCULATION:

The defendant was originally convicted of a Class C felony, thus the maximum sentence allowed upon revocation is 2 years imprisonment, pursuant to 18 U.S.C. § 3583(e). Based upon Chapter 7 of the U.S. Sentencing Guidelines, the most serious conduct alleged as a violation of supervision is considered a Grade C violation. The defendant's criminal history is a Category I, thus the advisory guideline range for revocation is 3 to 9 months.

John Patrick Balase　　　　Petition for Warrant on Person Under Supervision　　　　May 6, 2019
1:09CR00330-1　　　　　　　　　　　　　　Page 4

### STATEMENT IN SUPPORT OF DETENTION AT INITIAL APPEARANCE:

Based on the defendant's performance while on supervision, the probation officer recommends the defendant be detained pending revocation proceedings. Pursuant to 18 U.S.C. § 3143(a), the defendant is viewed as presenting a risk of danger to the community. This determination is made based on the defendant's ongoing pattern of secret keeping. In addition, he has not been truthful with his probation officer or sex offender treatment provider, and his noncompliant behavior puts the community at risk as the probation office is not able to deconstruct the defendant's secret lifestyle and effectively address third party risk issues. Pursuant to F.R.Crim.P.Rule 32.1(a)(6), the burden of establishing by clear and convincing evidence that the person will not flee or pose a danger to any other person or to the community rests with the defendant.